LEXOW et al. v. BELDING.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. APPEAL—FINDINGS OF FACT—REVIEW.
    An appellate court will not interfere with findings of fact by a referee amply sustained by evidence.

2. ATTORNEYS—ACTION FOR SERVICES—BILL OF PARTICULARS IN EVIDENCE.
    In an action by attorneys for services, the admission in evidence of the bill of particulars, a transcript from plaintiff's books, was not available error on appeal, it having been admitted by stipulation in open court without any suggestion that its effect should be limited, or that it was in any manner incompetent or irrelevant.

3. SAME—CHARACTER OF ACTION—EQUITY.
    An action by attorneys for services tried to a jury cannot be regarded as a suit in equity merely because subsequently tried before a referee.

Appeal from Judgment on Report of Referee.

Action by Clarence Lexow and others against Milo M. Belding. From a judgment for plaintiffs, defendant appeals. Affirmed.

See 76 N. Y. Supp. 602.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Isaac B. Potter (George E. Miner, on the brief), for appellant.
Charles L. Guy, for respondents.

WOODWARD, J. The plaintiffs in this action are copartners, engaged in the practice of law. In September, 1896, the defendant and 14 others were associated together as underwriters, doing a fire insurance business, under the title of "The Lloyds of New York City." These underwriters had outstanding a large number of policies of insurance, and, having met with severe losses, decided to go out of business, and a committee was appointed to adjust matters and close up the affairs of the association. As a means to this end, the chairman of the committee waited upon the plaintiffs to engage them as attorneys in settlement of claims, etc. It appears that there was a desire on the part of the persons making up the underwriters to have the matter apportioned among the several members, and it is conceded that an agreement was made that each member desiring the services of the plaintiffs should contribute $300 to them, and the controversy arises over the question whether this $300 was a retainer, services to be charged for according to their fair value in excess of this amount, or whether this $300 was to cover the entire

cost of such services. Upon this point there was a decided conflict in the evidence, and the learned referee before whom the action was tried has found the facts in favor of the plaintiffs. The defendant appeals.

This action has been twice tried, once before a jury and the second time before a referee, and in both instances the finding has been in favor of the plaintiffs. A careful examination of the record convinces us that the conclusion reached is fully supported by the evidence. The case presents only a question of fact, and, while it may be that a finding in favor of the defendant might be sustained, there is ample evidence to support the findings of the referee, and in such a case it is not the province of an appellate court to interfere. It is not disputed that the services rendered were worth all that the plaintiffs' claim. It was distinctly admitted on the trial that the defendant raised no question upon this point, but relied wholly upon the alleged contract under which the plaintiffs undertook to perform all of the services for $300 for each of the members of the association. It does not seem to be necessary to review the evidence in support of the two theories which were presented. The services being conceded to be worth what the plaintiffs claimed, it is hardly to be presumed that a firm doing a large business would go into a contract, not knowing how much labor would be necessary, for an agreed sum of $300; and, while the defendant and some of his witnesses testify that such was the contract, the plaintiffs testify with more directness and with greater apparent certainty that the $300 was merely as a retainer, with the right to make such further charges as the circumstances should require. It is true that there are certain receipts in evidence, which, unexplained, would seem to support the defendant's version, but, taking all of the evidence, and the probabilities of the case, it cannot be said that the conclusion reached is against the weight of evidence. The defendant knew whether he wanted to employ these plaintiffs or not. They had no advantage over him by reason of any knowledge which had come to them in their relation of attorney, and to hold that the plaintiffs are bound to show anything more than the terms of the contract, the same as any other party to a contract of employment, would be to deny to them the equal protection of the law. Attorneys, in making a contract of employment, stand upon the same footing as other individuals as a general proposition, and in the absence of special conditions they will be permitted to recover for services upon the same conditions which attach to other persons.

The suggestion of the defendant that it was error to admit in evidence the bill of particulars, said to be a transcript from the books of the plaintiffs, and which appears to have been relied upon by the learned referee as furnishing corroboration of the plaintiffs' testimony, is without merit. The same was admitted by stipulation in open court, without any suggestion that its effect should be limited, or that it was in any manner improper, incompetent, or irrelevant; and the proposition now made that "it was not necessary, in order to raise this question on appeal, to make objection to such testimony, since in an equity suit the exception to the decision raises all questions relating to the admissibility of evidence," is novel, at least. But assuming the

proposition to·be supported by authority (and no authority is cited), this is not an equitable action. It is an action at law to recover for services rendered, and was originally tried before a jury. Its character is not changed because it was subsequently tried before a referee, and upon the whole case we are clearly of opinion that the judg-·ment was right.

The judgment appealed from should be affirmed, with costs. All concur.